STEWART MIRMELLI *et al.*, Plaintiffs-Appellees, *v.* GREAT WESTERN TRUCK LINES, INC., *et al.*, Defendants-Appellants.

First District (3rd Division)   No. 76-1046

Opinion filed September 14, 1977.

Constantine N. Kangles, of Chicago, for appellants.

Ronald S. Fishman, of Chicago, for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendants appeal from an order entered on July 20, 1976, denying their motion to vacate a default judgment entered against them in the amount of $80,670 plus costs on July 16, 1976.

On February 4, 1976, plaintiffs filed their verified complaint based upon a written promissory note, dated December 31, 1974. Defendants are the maker of the note, Great Western Truck Lines, Inc., and two of the note's guarantors, Clifford Josefik and Kenneth Yellin. The father of the four plaintiffs was also a guarantor, but was not named as a defendant. The defendants were served with summons in February 1976, but failed to file an appearance or answer. On June 8, 1976, plaintiff's counsel gave notice to defendants that on June 17 plaintiffs would seek judgment against defendants for failure to file an appearance or answer. On June 17, 1976, the trial court entered judgment in the amount stated above. Four days later, defendants, through counsel, filed a written motion to vacate judgment and requesting leave to file an appearance. In support of that motion, defense counsel stated that he was unable to properly inform himself of the facts. On that day, the trial court vacated the default judgment, permitted counsel to file his appearance for defendants, and ordered defendants to file an answer within 14 days.

When defendants failed to file an answer, plaintiff served notice seeking reinstatement of the judgment on July 16, 1976. On that day, the trial court reinstated the judgment. On July 20, 1976, defendants presented a sworn petition, accompanied by a verified answer signed by the three defendants, seeking to vacate the default judgment of July 16, 1976. Defendants' petition, which was unrebutted, recited in pertinent part as follows: that at the hearing conducted on July 16, defendants had represented to the trial court that they were unable to plead because of the existence of collateral agreements entered into both before and after the execution of the note in question; that defense counsel required time to search for such agreements both in Chicago and Florida; that at the time of the hearing of July 16, defendant Yellin was in court and the trial court was advised that Yellin was flying to Florida that morning to search for the necessary documents. The petition further stated that the court was advised by counsel and the defendant Yellin that defendants had a meritorious defense in that the obligation was fully compromised and satisfied by the payment of the guarantors of $60,000; that the trial court stated that if a verified answer had been brought to court, the court would have permitted its filing, but that the court would not grant defendants' motion for an extension until July 19 or until 3 p.m. on July 16 (the same day) to present such an answer; that defense counsel immediately after the hearing prepared a verified answer in accordance with the best information available to him and within three hours after the hearing of July 16 served a copy of the answer on plaintiff's counsel and notice of motion to vacate the default judgment for July 20.

At the hearing on July 20, 1976, defense counsel advised the court that

while the defendant Yellin was still in Florida looking for documents, the defendant Josefik was in court. Counsel also advised the court that he was not fully satisfied with the verified answer, but that it was the best he could prepare under the circumstances. Counsel for plaintiffs pointed out inconsistencies in the answer, and that the defense had not attached any documentary proof to their answer. After a lengthy hearing, the trial court denied defendants' motion to vacate the default judgment.

■■ The necessity of prompt appearance at all hearings in order to assure expeditious disposition of cases must be balanced by the demands of justice and fairness, a process which requires an analysis of the facts in each case. (*Busser v. Noble* (1956), 8 Ill. App. 2d 268, 131 N.E.2d 637.) The object in considering motions to vacate default judgments, made within 30 days, is that justice be done between the parties, and one party is not permitted to obtain and retain an unjust advantage. In that regard, courts are liberal in setting aside defaults within 30 days, when it appears justice will be promoted. (*Dalton v. Alexander* (1956), 10 Ill. App. 2d 273, 135 N.E.2d 101; *Widicus v. Southwestern Electric Cooperative, Inc.* (1960), 26 Ill. App. 2d 102, 167 N.E.2d 799.) In *Widicus* the court observed that the entry of a default is a drastic action, and that it should be condoned only as a last resort to give the plaintiff his just demand.

■■ After reviewing the chronology of the proceedings, we believe that the court erred in refusing to vacate the default judgment. We recognize that an earlier default judgment had been entered against defendants and then vacated by the trial court. We also have noted that prior to the entry of the earlier judgment defendants' exercise of diligence was questionable. However, the uncontroverted sworn petition of defense counsel reveals that on the date of the reinstatement of the judgment involved in the appeal, counsel concluded his argument by merely requesting an extension of three hours in order to file a verified defense, and that request was denied. The petition further indicates that a verified answer was signed on the same day and was presented to the court, along with the motion to vacate, just four days later. One defendant was present at each of the two hearings, and it was clear that the defendants were resisting the lawsuit. Defendants' counsel argued orally and presented an answer alleging a meritorious defense. While the answer revealed inconsistencies and defense counsel conceded to the trial court that the answer was not as complete as he wished, the answer could have been stricken without reinstating the judgment. In our view, justice requires that the order denying the motion to vacate the default judgment must be reversed.

Accordingly, the order of the circuit court of Cook County denying the motion to vacate the default judgment is reversed, and the cause is

remanded for further proceedings consistent with the holdings of this opinion.

Order reversed and cause remanded.

SIMON, P. J., and JIGANTI, J., concur.